### In the Matter of the ADOPTION OF W., a minor.

### No. 15272.

Supreme Court of Utah.

Jan. 12, 1978.

---

1. Rule 4, Utah Rules of Evidence.

Gordon F. Esplin of Utah Legal Services, Inc., Salt Lake City, for appellant.

Robert B. Hansen, Atty. Gen., Lambertus Jansen, Salt Lake City, for respondent.

ELLETT, Chief Justice:

On December 7, 1976, the respondent filed a petition with the district court to permit him to adopt the illegitimate child of his wife born prior to his marriage to her. The natural father of the child did not appear at the hearing on the petition which was held February 10, 1977, and the court granted the petition for adoption; thereafter, he moved to set aside the order for adoption. The motion was granted, and a hearing was afforded to him. After the evidence was presented by the parties, the trial judge ruled that the natural father either had no parental rights to the child or that he had abandoned the child. An order of adoption as prayed was then granted.

This appeal is from that order. The facts before the trial court fully justified his ruling. The mother of the child was fourteen years of age at the time the baby was born while the father was then twenty-three. He made no contribution to the expenses of childbirth and soon joined the Marine Corps. While overseas he wrote several letters to the mother and made a couple of phone calls to her but no inquiry was ever made as to the welfare of the child. He did make an allotment to the mother from his military pay in the amount of $50.00 per month, which allotment he cancelled at the behest of the mother.

Since leaving the military in 1974, the natural father returned to Salt Lake City; however, he has contacted the mother of the child only once and that was not for the purpose of ascertaining the welfare of the child. During the three years since he left the military life, he has made no contribution to the support of the child.

The respondent herein married the mother of the child on October 26, 1974, and has served the role of husband and father since that time. It would be unthinkable to hold that the appellant at this date can assert rights in the child which would enable him to prevent the adoption by refusing to give his consent thereto.

The trial court thought the natural father should have no rights to a child that he, as a man of twenty-three years, sired with a thirteen year-old girl. It seems to us that the appellant is downright fortunate in that he is not in the state penitentiary for it was, and is, a felony to have sex relations with a girl under the age of sixteen years.[1]

The trial court was correct in holding that the father had no parental rights in and to the child; but it should be because of a failure on his part to show any interest in the child and not because of criminality in connection with the child's conception. The natural father was properly deprived of all parental rights due to his abandonment and his complete failure to support the child.

The adoption was proper and the order permitting it is affirmed. The respondent is awarded costs.

CROCKETT and HALL, JJ., concur.

MAUGHAN and WILKINS, JJ., concur in result.

---

1. U.C.A.1953, 76–53–19 repealed by Laws of Utah, 1973, Chapt. 196; recodified as U.C.A. 1953, 76–5–401.